IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK S. COLUCCI,              ) | |
| ) | Civil Action No. 06 - 20J |
| Petitioner,         ) | |
| ) | |
| v.                            ) | Judge Kim R. Gibson/ |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| THE FEDERAL BUREAU OF PRISONS; ) | |
| ALBERTO GONZALES, Attorney General of ) | |
| the United States; WARDEN JOHN YOST, ) | |
| ) | |
| Respondents.       ) | |

**REPORT AND RECOMMENDATION ON MOTION FOR TEMPORARY
RESTRAINING ORDER, MOTION FOR SCHEDULING OF RULE 65 REQUEST FOR
TRO, AND MOTION FOR IMMEDIATE RELEASE ON BAIL**

I. Recommendation

It is respectfully recommended that Petitioner's Motion for Temporary Restraining Order, Motion for Scheduling of Rule 65 Request for TRO Hearing, and Motion for Immediate Release on Bail, be denied.

II. Report

Petitioner, Mark S. Colucci, is an inmate at a federal prison camp in Loretto, Pennsylvania, convicted of failure to timely pay federal income tax. On February 3, 2006 he filed, as a Petition for Habeas Corpus, the following actions: "Complaint for Declaratory Judgement, Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Damages, Attorney Fees and Other Equitable Relief; Habeas Corpus Relief; and 42 U.S.C. Section 1983: Civil Rights Action."

The basis for his action is a challenge of the Bureau of Prison ("BOP") decision to place him in a federal penitentiary rather than a Community Correction Center ("CCC"). Named as Respondents are the Federal Bureau of Prisons, Attorney General Alberto Gonzales, and John Yost, Warden of the Federal Correction Institute in which he resides. Petitioner challenges a December 13, 2002 Department of Justice Memorandum implementing a Bureau wide policy of transferring prisoners for placement in a CCC <u>only</u> for the lesser of the last 10 percent or 6 months of an inmate's good time adjusted sentence. He alleges that this practice has adversely impacted him and is in violation of 18 U.S.C. § 3621(b).

18 U.S.C. § 3621(b) lists factors which are to be considered by the BOP to determine whether or not initial placements or transfers to a CCC are appropriate. Petitioner argues that these factors should be considered even before six months or ten percent of an inmate's sentence remains. His argument relies, *inter alia,* upon <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3rd Cir. 2005). In that case the circuit court held that the factors set forth in 18 U.S.C. § 3621(b) were to be applied by the BOP to determine whether initial placements or transfers to CCC were appropriate before the inmate reached the time limit of the last six months or final ten percent of his sentence. 432 F.3d at 250. The distinction being that 18 U.S.C. § 3624(c) <u>requires placement</u> in some type of community housing during the final stages of sentencing for the purpose of easing the inmate's transition back into the community. 18 U.S.C. § 3621(b) requires the application of certain enumerated factors in consideration of an earlier placement.

The remedy proscribed in the <u>Woodall</u> case was not the release of the Petitioner, as Petitioner herein requests, but "an order requiring the BOP to consider– in good faith– whether or not Woodall should be transferred to a CCC." 432 F.3d at 251.

<u>A. Temporary Restraining Order and Rule 65 Hearing</u>

I will first address the Petitioner's request for the immediate issuance of a Temporary Restraining Order ("TRO") and a hearing as to same. Fed. R. Civ. Pro 65(b) provides for the grant of a temporary restraining order without notice to the adverse party under certain delineated circumstances. This differs from Fed. R. Civ. Pro 65(a) which states that no preliminary injunction shall be issued without notice to the adverse party. Because Petitioner has filed a request for both of these types of hearings and motions, and Respondents have not yet had an opportunity to answer any of his petitions or motions, the Court will only address the request that a TRO releasing him from institutional custody into a community center program be granted immediately. The Court will address the request for a preliminary injunction[1] after Respondents have had an opportunity to respond.

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217

---

[1] The Court notes that the legal standards for granting a preliminary injunction and a temporary restraining order are the same. Babn Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa.1994)."); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, *1 (E.D.Pa. July 2, 1993)("The standards for a temporary restraining order and a preliminary injunction are the same."). The distinguishing features between these two forms of injunctive relief are that temporary restraining orders may be issued ex parte without an adversary hearing and are of limited duration, whereas preliminary injunctions may be issued only after the opposing party receives notice and after some form of hearing, and are in force until to the completion of the trial on the merits. Babn Technologies, 1998 WL 720171, at *3. Therefore, while it is possible that a preliminary injunction would still be denied, the Court prefers to hold a ruling on that motion until an answer has been filed.

F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002).  More specifically with regards to the fourth prong, one seeking a TRO must show that the issuance of the injunctive relief would not be adverse to the public interest.  Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001).   It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).   Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case."  Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977).

In the present case, the Court is being asked to grant the relief of releasing Petitioner from the federal correctional institution in which he is housed, to a community corrections center, or to home incarceration. Not only is this beyond the authority of this Court and within the authority of the BOP, it is not the relief to which Petitioner would be entitled even if he were successful in his case on the merits. As stated in Woodall, *supra,* the proper relief in this case, assuming that all of Petitioner's allegations are true, would be an order requiring the BOP to consider the factors in 18 U.S.C. § 3621(b) as they may apply to Petitioner's situation. This consideration may or may not result in the transfer of Petitioner to a CCC. The Court does not see immediate, irreparable harm such that Petitioner cannot wait for an evidentiary hearing on this matter, following the filing of an answer to his Motions and Petition. In addition, the grant of

the injunctive relief requested, in the case of a person convicted of a federal crime, would clearly not be in the public interest.

### B. Motion for Immediate Release on Bail

For all of the reasons stated above, the Court sees no basis upon which to grant Petitioner's Motion for Immediate Release on Bail Pending his Habeas Corpus Petition. As stated earlier, the grant of the Petition would not necessarily grant Petitioner's release. The most it would result in is an order that the BOP consider whether he qualifies for transfer to a CCC.

### III. Conclusion

For the reasons set forth above, the Motion for Temporary Restraining Order, Motion for Scheduling of Rule 65 Request for TRO Hearing, and Motion for Immediate Release on Bail should be denied. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

March 1, 2006                                        /s/Lisa Pupo Lenihan
                                                                                                Lisa Pupo Lenihan
                                                                                                United States Magistrate Judge


cc:     Mark S. Colucci
        39849-060
        FCI Loretto
        PO Box 1000
        Loretto, PA 15940-1000